**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF WEST VIRGINIA**
**CHARLESTON DIVISION**

| | |
|---|---|
| CHRISTOPHER ALLEN BROGAN and CARLINE FLORES BROGAN,<br><br>PLAINTIFFS,<br><br>V.<br><br>VANDERBILT MORTGAGE & FINANCE, INC., FIELDCHOICE, LLC and ROBERT R. ELBON,<br><br>DEFENDANTS. | CASE NO. 2:25-CV-00386 |

**VANDERBILT MORTGAGE AND FINANCE, INC.'S MOTION TO STAY CLAIMS PENDING CONCLUSION OF ARBITRATION**

Defendant Vanderbilt Mortgage and Finance, Inc. ("VMF") respectfully requests that the Court stay all claims asserted against VMF pending the conclusion of arbitration between CMH Homes, Inc. ("CMH") and Plaintiffs Christopher Allen Brogan and Carline Flores Brogan ("Plaintiffs") related to the sales transaction for the manufactured home that is the subject of this civil action.

Plaintiffs allege in the Complaint that they were "induced into the financing *and purchase* of a mobile home by a bait and switch scheme involving deception, suppression and forgery, without being afforded a meaningful opportunity to know or understand the exploitive terms of the bogus transaction." (ECF No. 1-1 ¶ 1 (emphasis added)). Plaintiffs originally filed suit against VMF, the "closing agent" Fieldchoice, LLC, and individual Robert R. Elbon. Plaintiffs subsequently dismissed Fieldchoice, LLC. (ECF No. 12). The sales transaction for the manufactured home at issue was between Plaintiffs and CMH. (ECF No. 1-1 ¶ 3). VMF separately provided the financing for Plaintiffs' purchase. (*Id.*).

On July 16, 2025, CMH filed a Demand for Arbitration against Plaintiffs with the American Arbitration Association ("AAA"). (Exhibit 1, *CMH Homes, Inc. v. Christopher Allen Brogan; Carline Flores Brogan* - Case 012500033552). In the Demand for Arbitration, "CMH seeks a declaration that: (1) CMH's conduct at the closing complied with all laws and standards of care; (2) CMH engaged in no unconscionable actions in connection with the sale and closing; (3) CMH did not misrepresent or suppress any material facts to [Plaintiffs]; (4) the contracts over which [the AAA] has authority are valid and enforceable; and (5) CMH was not the agent of VMF in its dealings with [Plaintiffs]." (*Id.* at 3). In light of CMH's Demand for Arbitration against Plaintiffs, VMF files this Motion to Stay Claims Pending Conclusion of Arbitration.

Section 3 of the Federal Arbitration Act states:

> If any suit or proceeding be brought in any of the courts of the United States **upon <u>any issue</u> referable to arbitration** under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, **shall on application of one of the parties <u>stay the trial of the action</u> until such arbitration has been had** in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3 (emphasis added). The Supreme Court has recently made clear that Section 3 allows for no discretion. "[W]hen **<u>any issue</u> in a suit is subject to arbitration**, the court 'shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.'" *Smith v. Spizzirri*, 601 U.S. 472, 476 (2024) (quoting 9 U.S.C. § 3 (emphasis added)). "[T]he use of the word 'shall' creates an obligation impervious to judicial discretion." *Id.* (quotation marks and citation omitted). By its plain terms, Section 3 applies when "any issue" is arbitrable—it does <u>not</u> require that *all claims* asserted in the action are arbitrable.

Here, as established by CMH's Demand for Arbitration against Plaintiffs, numerous "issues" in this civil action are subject to arbitration. So, "[j]ust as 'shall' means 'shall,' 'stay' means 'stay,'" *id.*, and "any issue" means "any issue." Accordingly, pursuant to the express language of 9 U.S.C. § 3, this civil action must be stayed "until such arbitration has been had."

By way of example, in describing VMF in their Complaint, Plaintiffs contend that VMF, "as an affiliate of CMH Homes, Inc., is liable for all claims and defenses arising out of the transaction, including those arising out of the act of its agents and transaction participants." (ECF No. 1-1 ¶ 3). Plaintiffs go on to allege that the sales and financing transactions closed at "CMH's Lot." (*Id.* ¶ 28(b)). "Present at the Closing were the Brogans, the notary Elbon, and *CMH Manager* Young, who directed the closing and did most of the speaking. The Manager presented the documents on a screen across the room with the details difficult to view, with all written copies in front of the Manager sitting across the table from Plaintiffs. The process was rushed without their being afforded the opportunity to understand essential terms." (*Id.* (emphasis added)). Based on those allegations, Plaintiffs contend that they "never agreed *to [CMH's] Sales Agreement* or [VMF's] Consumer Loan Note and Security Agreement." (*Id.* ¶ 34 (emphasis added)).

In Count I of the Complaint (mis-numbered as "Count IV"), Plaintiffs claim unconscionable inducement based on their allegations that "the closing," purportedly performed by *CMH's* manager, "was rushed and Plaintiffs were not afforded an opportunity to review the documents and material disclosures before their electronic signatures were affixed without their consent or agreement." (*Id.* ¶ 48(e)). Similarly, in Count II, Plaintiffs contend that "Defendants" misrepresented—or suppressed—the cost of the home, but in the factual background, Plaintiffs only allege that CMH's manager or other CMH agents engaged in such conduct. (*Id.* ¶¶ 20, 30, 33, 55).

These "issues" in this civil action are unquestionably "referable to arbitration." CMH's Demand for Arbitration is asserted under a Binding Dispute Resolution Agreement ("BDRA"). (*See* Exhibit 1 at 2; *see also* Exhibit 2). Inclusion of arbitration agreements in loan documents is prohibited by the Dodd-Frank Wall Street Reform and Consumer Protection Act ("Dodd Frank") and its corresponding regulations. 15 U.S.C. § 1639c(e); 12 C.F.R. § 1026.36(h)(1).[1] However, arbitration agreements requiring claims arising out of and attacking the <u>sales transaction</u> are not prohibited. *See Seal v. So. Energy Homes, Inc.*, 2021 U.S. Dist. LEXIS 77029 (S.D. Miss. Jan. 26, 2021); *CMH Homes, Inc. v. Sexton*, 441 F. Supp. 3d 1202 (D.N.M. 2020); *Vanderbilt Mortg. & Fin., Inc. v. Kiers*, Case No. CJ-2017-07 (Kan. Dist. Ct. Mar 21, 2019); *21st Mortg. Corp. v. Tucker*, CV-2017- 900092 (Ala. Cir. Ct. Oct. 19, 2018). As noted by the court in *Sexton*, "[h]ad Congress intended to include in the prohibition disputes arising from the contemporaneous purchase of the residence, it could have more clearly stated so. The language instead indicates that the 'transaction' [for which arbitration is prohibited] is limited to the credit transaction itself." *Sexton*, 441 F. Supp. 3d at 1209. The Complaint asserts issues that relate to the sales transaction with CMH, and not solely the loan transaction with VMF. *See supra* at 2.

The legislative history of Dodd-Frank and Regulation Z confirms that Congress expressly intended *not* to prohibit arbitration agreements in contracts that are not a part of the credit transaction itself. During the rulemaking process, the CFPB specifically limited the arbitration prohibition to agreements for the credit transaction itself:

> The prohibition applies to the terms of the whole transaction, regardless of which particular document contains those terms. However, to prevent any misunderstanding that the prohibition applies to agreements that are not part of the

[1] "A contract or other agreement *for a consumer credit transaction* secured by a dwelling (including a home equity line of credit secured by the consumer's principal dwelling) may not include terms that require arbitration or any other non-judicial procedure to resolve any controversy or settle any claims arising out of the transaction." 12 C.F.R. § 1026.36(h)(1) (emphasis added).

> credit transaction, the Bureau is replacing the phrase "contract or agreement *in connection with* a" consumer credit transaction with the phrase "contract or other agreement *for*" a consumer credit transaction.

78 FR 11280, 11388 (2013) (emphasis added). Thus, the CFPB specifically decided *not* to prohibit arbitration agreements in contracts "in connection with" a consumer credit transaction, but only contracts "for" a consumer credit transaction – *i.e.*, the loan documents themselves.

With *issues* referable to arbitration pleaded in this action, and with CMH's now pending arbitration against Plaintiffs raising those arbitrable issues, the Court should grant VMF's instant application to stay the civil action under the plain language of 9 U.S.C. § 3.

Even if the Court believes that a stay of this civil action is not mandatory under Section 3 based on the Supreme Court's recent decision in *Smith*, the Court should exercise its discretion to stay the claims against VMF to allow CMH's arbitration to proceed first.

Federal district courts consistently grant motions to stay claims to allow for arbitration to proceed first on related claims. *See, e.g.*, *Dalton v. Dow Chem. Co.*, 2019 WL 2427236, at *2 (S.D.W. Va. June 10, 2019) ("[L]itigation on the non-arbitrable issues which depend on arbitrable issues should be stayed pending arbitration.") (quoting *Summer Rain v. Donning Co./Publishers, Inc.*, 964 F.2d 1455, 1461 (4th Cir. 1992)); *Hintonv. Turning Point Brands, Inc.*, 2020 WL 13369052, at *8 (S.D. Fla. Nov. 16, 2020); *Ven Air Unlimited Co. v. Gen. Dynamics Corp.,* 2021 WL 2582609, at *3 (N.D. Ga. Jan. 25, 2021) ("[T]he Court recognizes that the central issue in the ongoing arbitration between Ven Air and Gulfstream involves a matter that is likely to be dispositive in this case: the alleged breach of the sales agreement. For this reason, the Court finds good cause to exercise its discretion to stay the present case pending the resolution of the arbitration between Ven Air and Gulfstream."); *Neukranz v. Conestoga Settlement Servs., LLC*, 2020 WL 4679542, at *4 (N.D. Tex. July 14, 2020), *report and recommendation adopted*, 2020

WL 4673076 (N.D. Tex. Aug. 12, 2020) ("If the facts and claims underlying the arbitration and litigation 'significantly overlap,' a discretionary stay pending arbitration is appropriate, '[e]ven if the operative facts are not identical and the claims are not "inherently inseparable."'") (citation omitted); *Citgo Petroleum Corp. v. M/T Bow Fighter*, 2009 WL 960080, at *7 (S.D. Tex. Apr. 7, 2009) ("Since the claims arise from the same occurrence, and the nature of these claims is interconnected, a stay would best suit the policies of judicial economy and avoidance of inconsistent results."); *cf. Shores of Panama, Inc. v. Safeco Ins. Co. of Am.*, 2008 WL 4417558, at *7 (S.D. Ala. Sept. 29, 2008) ("[I]f a suit against a non-signatory to an arbitration agreement is based upon the same operative facts and is inherently inseparable from the claims against a signatory, the court may stay litigation pending arbitration where the litigation would undermine the arbitration and thwart federal policy in favor of arbitration.").

The proper procedure is to have CMH's claims decided in arbitration first, and any remaining claims against VMF decided in this Court after the conclusion of arbitration. Not doing so would require this Court to adjudicate CMH's behavior as to allegations of unlawful and unconscionable conduct, misrepresentations, and suppression and would therefore prejudice CMH's right to have disputes against it decided in arbitration. Adjudication by this Court of arbitrable claims will create additional error.

Plaintiffs entered the loan transaction with VMF to pay for the sales transaction they entered with CMH. They now seek to invalidate the loan transaction—as well as the sales transaction—because of CMH's alleged improprieties during the sales transaction. Therefore, claims attacking the validity of the sales transaction should necessarily be decided first in arbitration. The arbitrable claims will resolve whether CMH misrepresented or suppressed information and whether it violated any other laws or regulations in conducting the sales

transaction. Adjudicating claims related to the loan transaction would put the proverbial cart before the horse and prohibit CMH from receiving a full and fair arbitration of disputes regarding the sales transaction. This Court simply cannot adjudicate the end-result against VMF without adjudicating the threshold claims against CMH that must be decided in arbitration.

Because Plaintiffs seek to unwind both the arbitrable sales transaction and the non-arbitrable lending transaction based on many of the same core facts, judicial economy favors allowing arbitration to proceed first while staying the litigation. Doing so would streamline the issues for trial, avoid duplicative discovery, and prevent the risk of inconsistent outcomes. Many of the same witnesses and evidence will be relevant to both proceedings such that forcing them to proceed simultaneously would be inefficient and potentially conflicting.

Therefore, VMF requests an Order staying all claims asserted against it until the conclusion of CMH's arbitration regarding the sales transaction.

*/s/ Carrie Goodwin Fenwick*
Carrie Goodwin Fenwick (WV Bar 7164)
GOODWIN & GOODWIN, LLP
300 Summers Street
Suite 1500
Charleston, West Virginia 25301
(304) 346-7000
cgf@goodwingoodwin.com

James C. Lester (Visiting Attorney ECF No. 13)
MAYNARD NEXSEN PC
1901 6th Ave. North
Suite 1700
Birmingham, Alabama 35203
(205) 254-1000
jlester@maynardnexsen.com

*Attorneys for Vanderbilt Mortgage and Finance, Inc.*

**CERTIFICATE OF SERVICE**

I certify that on July 18, 2025, I filed this document with the Clerk of Court via its electronic filing system. Service on the following will occur through that system

Daniel F. Hedges
Mountain State justice, Inc.
1217 Quarrier Street
Charleston, West Virginia 25301

*/s/ Carrie Goodwin Fenwick*
Carrie Goodwin Fenwick