1477280

# BINDING DISPUTE RESOLUTION AGREEMENT

The Parties (defined below) agree to resolve all disputes pursuant to the terms of this Binding Dispute Resolution Agreement (the "Agreement"). The Parties are defined as the buyer (whether one or more) who signs below (referred to hereinafter as "Buyer") and CMH Homes, Inc., and their/its agents, assignees, successors in interest, and employees (collectively referred to as "Seller"). Buyer and Seller agree that this Agreement also applies to and governs the rights of intended beneficiaries of this Agreement, who include the following additional Parties: (i) manufacturers of the Home (defined below); (ii) contractors, including, without limitation, contractors involved in delivery and set-up of Buyer's Home; (iii) title companies and closing attorneys involved in any transaction made in connection with Buyer's Home purchase; (iv) all who sign or benefit from the Contract (defined below); (v) anyone claiming an interest in the Home, (vi) property owners receiving a benefit from the Contract, the Home, or use of the Home, and (vii) any occupants of the Home (referred to hereafter collectively as "Beneficiaries") (Buyer, Seller, and Beneficiaries may be referred to herein as "Party" or "Parties").

A. Scope of the Agreement: This Agreement applies to all pre-existing, present, or future disputes, claims, controversies, grievances, and causes of action against Seller, including, but not limited to, common law claims, contract and warranty claims, tort claims, statutory claims, administrative law claims, and any other matter in question, not otherwise excepted herein, arising out of or relating to (i) the modular or manufactured home(s) purchased, sold, owned, occupied and/or delivered in any transaction with Buyer or Beneficiaries (the "Home"), (ii) the documents related to the purchase and sale of the Home (including, but not limited to, the Retailer Closing Agreement, any Purchase or Sales Agreement, buyer's order, supplemental invoice, and other instruments and agreements whereby Seller purports to convey or receive any goods or services to or from Buyer or Beneficiaries (collectively, the "Contract")), (iii) any products, goods, services, insurance, supplemental warranty, service contract, and real property (including improvements to the real property) sold under or referred to in the Contract, (iv) any events leading up to the Contract, (v) the collection and servicing of the Contract, (vi) the design and construction of the Home, and (vii) the interpretation, scope, validity and enforceability of the Contract (collectively referred to as the "Claim" or "Claims"). Notwithstanding anything herein to the contrary, the jurisdiction of the Arbitrator, including objections with respect to the existence, scope, and validity of this Agreement, shall be determined solely by a court of competent jurisdiction, and not by the Arbitrator. The Parties agree that Claims must be brought on an individual basis and not on a representative basis as a class action, which involves the aggregation of similar individual Claims of Buyer, Beneficiaries, and/or other persons into a single proceeding. The Parties expressly agree not to arbitrate any Claims as a class action, a representative action, a collective action, or a private attorney-general action.

B. Exclusion for Consumer Credit Transactions Secured by a Dwelling: Notwithstanding anything herein to the contrary, nothing in this Agreement shall be construed to require mandatory mediation or binding arbitration of any disputes arising out of any contract or any other agreement for a consumer credit transaction secured by a dwelling. Disputes arising out of any contract or any other agreement for a consumer credit transaction secured by a dwelling are specifically excluded from the definition of "Claim" or "Claims."

C. Agreement to Mediate: All Claims that cannot be settled through direct discussions and negotiation shall be submitted first to mediation with a mutually agreeable mediator ("Mediation"). If the Parties cannot agree on a mediator within a reasonable time, then the Mediation shall be administered by the American Arbitration Association ("AAA") under its Construction Industry Arbitration Rules and Mediation Procedures in effect at the time Mediation is requested (the "Rules"). A copy of the Rules may be obtained, free of charge, from the AAA, on the internet at www.adr.org, or by writing to - American Arbitration Association, 120 Broadway, New York, NY 10005. The Parties agree to mediate in good faith. The Parties agree that information exchanged in the Mediation shall be held confidentially. The requirement of formally filing a Claim with a tribunal, to satisfy an applicable statute of limitations, shall be tolled during the mediation process, with said tolling period to begin on the date that any Party notifies the other(s) in writing of its intent to mediate (either through a mutually agreeable mediator or the AAA). The tolling period shall end on the date that either Party notifies the other in writing following mediation that the Parties have reached an impasse. In the event the Parties are not successful in resolving their dispute in mediation, then the Parties agree to submit their Claims to binding arbitration. Mediation of Claims is a mandatory condition precedent to arbitration or a court proceeding. An agreement to resolve the Claims in mediation shall be enforceable in any court having jurisdiction thereof.

D. Agreement to Arbitrate: The Parties agree to mandatory, binding arbitration ("Arbitration") of all Claims that are not resolved in Mediation. Arbitration is a process in which a neutral arbitrator decides a dispute instead of a judge or jury. Each side has an opportunity to present evidence to the Arbitrator, both in writing and through witnesses. Arbitration proceedings are less formal than court trials. Other rights that the Parties have in court may not be available in Arbitration. The information that can be obtained in discovery from each other or from third persons in Arbitration is generally more limited than in a lawsuit. An arbitrator will decide the case by issuing a written decision called an "award."

1477280

E. Conducting Arbitration: Any Party to this Agreement may commence arbitration at any time following Mediation, subject to applicable statute of limitations and section "C." of this Agreement. The Arbitration shall be governed by and conducted under: (a) the Federal Arbitration Act, 9 U.S.C. § 1, et seq., and to the extent not otherwise preempted by the FAA, by applicable state laws, including common law; (b) this Agreement; and (c) the Rules. The Parties acknowledge and agree that the Home contains component parts limitation manufactured outside of the state where the Home is sold and delivered; the manufacture, transportation, sale and use thereof has been and will continue to be regulated by the laws of the United States of America and involve and affect interstate commerce. To commence arbitration, a Party must submit the dispute to AAA via mail, fax or through AAA's WebFile Service. If the terms of this Agreement and the Rules conflict, then the terms of this Agreement shall control to the extent of the conflict. The Arbitration will be conducted by a single person (the "Arbitrator") and selected in accordance with the "Regular Track" selection process of the Rules irrespective of the amount of the Claims. The Arbitrator shall be impartial and his or her conduct shall be governed by the most current Code of Ethics for Arbitrators in Commercial Disputes, promulgated by the AAA and the American Bar Association. The Parties agree that if the claim or counterclaim of any party is $1,000,000 or more, exclusive of interest, attorneys' fees, and arbitration fees and costs, then the Procedures for Large, Complex Construction Disputes under the Rules shall apply to any Arbitration commenced under this Agreement. Otherwise, the Parties agree that the Regular Track Procedures of the Rules shall apply. The Parties do not agree to the Fast Track Procedures under the Rules. The Parties agree to an inspection of the Home. Further, the Parties agree to allow party and expert witness depositions, irrespective of the amount of the Claim(s). In the event the Claims include alleged personal injury, then the Parties agree to permit discovery of such Claims including, but not limited to, depositions of treating physicians and medical experts. At the election of the Parties (and at the expense of the electing Party or Parties), the Arbitration may be recorded and transcribed by a court reporter. Judgment upon the award rendered may be entered in any court having jurisdiction over the Parties to the award. The Parties agree that information exchanged in the Arbitration shall be held confidentially, and shall not be used in other arbitrations or court proceedings. Except as may be required by law, neither a Party, nor an Arbitrator may disclose the existence, content or results of any arbitration hereunder without the prior written consent of all Parties. All statutes of limitation that would otherwise apply to Claims in a judicial action shall apply to the Arbitration of Claims under this Agreement. The Arbitrator shall apply applicable substantive law and shall honor assertions of privilege recognized at law and consider defenses that a court could consider. With respect to any award for punitive damages, the Arbitrator may award punitive damages only under circumstances where a court of competent jurisdiction could award such damages. In awarding punitive damages, the Arbitrator must abide by all applicable state and federal laws regarding the amount of such damages, and the Arbitrator must state the precise amount of any punitive damages award. Before the award becomes final, the Arbitrator must also conduct a post-award review of any punitive damages, allowing the Parties the same procedural rights and using the same standards and guidelines that would apply in a judicial proceeding in the state where the Arbitration is located. Any ruling based on this post-award review must be set forth in writing with a reasoned explanation. The Arbitrator shall not have the power to depart from substantive law, including due process principles, in connection with an award. The Arbitrator's findings, reasoning, decision, and award shall be set forth in a detailed writing and must be based upon the laws governing this Agreement.

Except as expressly provided in section "K." of this Agreement, any Claim or counterclaim (including compulsory or permissive under law) of a party must be made in the Arbitration, and the failure to bring such Claim or counterclaim shall constitute a waiver of and a bar to bringing such Claim or counterclaim in a later Arbitration or action in court.

If Buyer or Beneficiaries have Claims against others (each, a "Third Party") related to or arising from Claims against the Seller(including, but not limited to (i) the design, construction, or manufacture of the Home, (ii) the advertising and/or sale of the Home, (iii) the delivery or the installation of the Home, and (iv) insurance covering the Home or Buyer (each, a "Related Claim")), then the Parties agree to consolidate the Arbitration of such Claims against Seller, brought on an individual basis, with the Arbitration of any and all Related Claims, brought on an individual basis, into one Arbitration to be governed by this Agreement, ***provided, however,*** that the Third Party must agree to be joined in the Arbitration of the Related Claims under this Agreement. The claims of Third Parties are not subject to the mandatory Mediation requirement set forth in section "C." above. If any Third Party does not agree to be joined in the Arbitration of its Related Claim, then Arbitration under this Agreement shall proceed without that Third Party. Buyer and Beneficiaries agree not to arbitrate any Related Claims as a class action, a representative action, a collective action, or a private attorney-general action. The consolidation of these Related Claims will be administered by the Arbitrator initially selected as described in this section "E."

F. Fees and Costs: The fees and costs imposed by the Arbitration Administrator associated with the Arbitration, including the Arbitrator's fees, shall be paid in accordance with the Rules and this Agreement. Buyer and Beneficiaries may request that the Arbitration Administrator reduce or waive Buyer's and Beneficiaries' fees, or that Seller voluntarily pay an additional share of the fees and costs (however, such request does not obligate Seller to do so), based upon Buyer's and Beneficiaries' financial circumstances or the nature of such Claim. Unless inconsistent with applicable law or the Rules, the Parties will pay for their own arbitration costs (including fees and/or expenses of their own attorneys, experts, and witnesses), regardless of which party prevails in the arbitration.

1477280

G. Location: The Arbitration will be conducted, in one or more hearings, at a place within the federal judicial district where Buyer's or Beneficiary's physical address is located, or in the federal judicial district within which a lawsuit between the Parties is pending and in which a motion to compel arbitration is made, or at any other place mutually acceptable to the Parties. If the Parties agree, then all or a portion of the Arbitration may be conducted by telephone conference. If the Parties cannot agree on the location of the Arbitration, then the Arbitrator shall have the power to decide where the Arbitration will be conducted.

H. Collective Actions Waiver: The Parties expressly waive the right to participate as a representative or member in a class action, a representative action, a collective action, a private attorney-general action, or otherwise join the Parties' Claims, including those claims expressly excluded in section "B." of this Agreement, with those of any other person. The Parties agree that if the above limitation on proceedings is deemed to be unenforceable or interpreted to not prevent a collective or class action, then such collective or class action shall proceed in a court of law and not in arbitration.

I. Joinder of Arbitrations: Except as provided expressly in section "E." of this Agreement with respect to the Arbitration of Buyer's and Beneficiaries' individual Related Claims, the Parties agree to waive any right to consolidate or join any individual arbitration with the arbitration of others.

J. Enforcement and Appeal of Award: The award and judgment by the Arbitrator shall be final, binding, and enforceable in any court having jurisdiction over the Parties. The Arbitrator's decision may be judicially reviewed on all grounds set forth in 9 U.S.C. § 10 and other applicable state law. Once final, an award may be enforced as a court judgment in accordance with federal or state law.

K. Exceptions: Notwithstanding any other provision of this Agreement, the Parties agrees that Seller may use judicial process (filing a lawsuit): (a) to obtain possession of the Home where Seller has not been paid in full as agreed under the Contract or to otherwise enforce Seller's ownership interest in the Home, or enforce any related mortgage or deed of trust in Seller's name, and (b) to seek preliminary relief, such as a restraining order or injunctive relief, in order to preserve the existence, location, condition, or productive use of the Home or other property. Notwithstanding the Rules, the Parties also expressly agree that this Arbitration Agreement does not apply to any Claims where the amount in controversy is less than the jurisdictional limit of the small claims court in the jurisdiction where Buyer resides, ***provided, however,*** that the Parties agree that any such small claims Claim may only be brought on an individual basis and not as a class action. Bringing a court proceeding described in this section "K.", however, shall not be a waiver of any Party's right to compel Arbitration of any other Claims, including Buyer's counterclaim(s) in a suit brought by Seller.

L. Severability: If it is determined that any paragraph or provision in this Agreement (with the exception of the Collective Actions Waiver in section "H.") is illegal, invalid, or unenforceable, such illegality, invalidity or unenforceability shall not affect the other paragraphs and provisions of this Agreement and the remainder of this Agreement shall continue in full force and effect as if the severed paragraph or provision had not been included. Notwithstanding this severability provision or any other provision of the Contract or Agreement, if a court of competent jurisdiction determines the Collective Actions Waiver in section "H.", to be illegal, invalid, unenforceable, or interpreted to not prevent any of the actions set forth in section "H.", then the Parties agree that such waiver shall not be severed and that this Agreement shall be void in its entirety.

M. Survival of Agreement: This Agreement will survive and continue in full force and effect notwithstanding assignment, assumption, rescission, cancellation, termination, amendment, payment in full, discharge in bankruptcy, or other expiration or conclusion of the Contract or any other contract or transaction between the Parties, unless otherwise agreed to in writing by the Parties. In addition, the Parties understand and acknowledge that the rights afforded to Seller under this Agreement survive any assignment of the Contract by Seller and that Seller can enforce this Agreement in the event a Claim arises after the assignment of the Contract.

N. Rules of Construction: If there is a disagreement on the interpretation of this Agreement, this Agreement shall be construed to require Mediation and Arbitration, rather than to defeat them, except for any disputes arising out of any contract or any other agreement for a consumer credit transaction secured by a dwelling, class actions, representative actions, collective actions and private attorney-general actions, which the Parties agree not to mediate or arbitrate. The Parties waive the rule of construction that requires a tribunal to construe a vague or ambiguous provision against the drafting party. This Agreement is the only agreement between the Parties regarding dispute resolution, and takes the place of and supersedes any other dispute resolution agreements to the extent they are inconsistent with this Agreement.

O. Entire Agreement: This Agreement encompasses the entire agreement of the Parties with respect to the subject matter of this Agreement, and supersedes all previous understandings and agreements between the Parties, whether oral or written.

DocuSign Envelope ID: BA6EC2E0-BFB2-4436-A[illegible]B93A2382F4F0

1477280

P. Court Waiver: For Claims subject to the terms of section "A.", the Parties hereby expressly and irrevocably waive any right to a trial by judge or jury. This waiver will remain enforceable even if any portion of this Agreement is otherwise found to be unenforceable. The Parties agree that this waiver is made knowingly, willingly, and voluntarily. This waiver does not apply to Claims filed in small claims court, pursuant to the provisions of section "K".

Q. Jury Waiver: With respect to those claims expressly excluded in section "B.", the Parties hereby expressly and irrevocably waive any right to a trial by jury. This waiver will remain enforceable even if any portion of this Agreement is otherwise found to be unenforceable. The Parties agree that this waiver is made knowingly, willingly, and voluntarily.

**R. NOTICE: BUYER UNDERSTANDS THAT THIS DISPUTE RESOLUTION AGREEMENT IS AN IMPORTANT AGREEMENT AND THAT THE TERMS OF THIS AGREEMENT AFFECT BUYER'S LEGAL RIGHTS. BY SIGNING THIS DISPUTE RESOLUTION AGREEMENT, BUYER ACKNOWLEDGES THAT BUYER HAS READ, UNDERSTANDS AND AGREES TO BE BOUND BY THIS AGREEMENT. BUYER AND SELLER FURTHER INTEND TO DIRECTLY BENEFIT AND BIND ALL BENEFICIARIES TO THIS AGREEMENT. IF BUYER DOES NOT UNDERSTAND ANY OF THE TERMS OR PROVISIONS OF THIS AGREEMENT, INCLUDING ADVANTAGES OR DISADVANTAGES OF ARBITRATION, THEN BUYER SHOULD SEEK INDEPENDENT LEGAL ADVICE BEFORE SIGNING THIS AGREEMENT. THE PARTIES HEREBY WAIVE THEIR RIGHTS, IF ANY, TO TRIAL BY JUDGE OR JURY, WHERE APPLICABLE. THE PARTIES HAVE ENTERED INTO THIS AGREEMENT KNOWINGLY, WILLINGLY AND VOLUNTARILY.**

Carline Flores Brogan — 8/1/2022

Buyer Carline Flores brogan — Date

Christopher Allen Brogan — 8/1/2022

Buyer Christopher Allen Brogan — Date

Buyer — Date

Buyer — Date

TOM YOUNG — 8/1/2022

Seller CLAYTON HOMES BUCKHANNON,WV — Date