IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

CHRISTOPHER ALLEN BROGAN, et al.,

        Plaintiffs,

v.                                        CIVIL ACTION NO.   2:25-cv-00386

VANDERBILT MORTGAGE & FINANCE,
INC., et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed Defendant *Vanderbilt Mortgage and Finance, Inc.'s Motion to Stay Claims Pending Conclusion of Arbitration* (Document 16), the *Plaintiffs' Memorandum of Law in Opposition to Motion to Stay Claims Pending Conclusion of Arbitration* (Document 23), Defendant *Vanderbilt Mortgage and Finance, Inc.'s Reply in Support of Motion to Stay Claims Pending Conclusion of Arbitration* (Document 24), and the Plaintiffs' *Motion for Leave to File Surreply* (Document 28), as well as all attached exhibits.

**FACTUAL ALLEGATIONS**

The Plaintiffs are Christopher Allen Brogan and Carline Flores Brogan, a married couple living in Mt. Lookout, West Virginia. Neither attended school past tenth grade, and they are unsophisticated in home-secured financing. The remaining Defendants are Vanderbilt Mortgage & Finance, Inc. ("Vanderbilt") and Robert R. Elbon. Vanderbilt is a subsidiary, alongside CMH Homes, Inc., of Clayton Homes, Inc. Vanderbilt is a creditor that extends home secured loans to

consumers. Mr. Elbon is a notary and previously was a mobile home salesman for Clayton Homes.

On June 4, 2022, Ms. Brogan was contacted by a Clayton Homes sales manager in Buckhannon, West Virginia, about the possibility of purchasing a mobile home. The manager emailed the Brogans what she described as a "paperless option for a mortgage application," but which was actually a Vanderbilt credit application. (Document 1-1 at 5–6.) Ms. Brogan completed the application and provided an e-sign authorization. The manager submitted the credit application solely to Vanderbilt.

On June 8, 2022, Vanderbilt accepted Ms. Brogan's application and a separate application by her husband, despite Mr. Brogan never applying. The next day, Ms. Brogan received an email that listed the Brogans' loan eligibility at $126,909.76, a down payment of $13,603, and a monthly payment of $1,152.34. These terms were consistent with the Plaintiffs' goal of maintaining financing in the $120,000 range. The Plaintiffs allege the loan amount calculated by Vanderbilt was exploitative because its loan underwriting policy allegedly excludes expenses for basic necessities and recurring debt obligations.

The Plaintiffs went to the Clayton Homes Buckhannon sales lot on June 11, 2022, to meet with the sales manager and view available homes. They explained their financing situation to the manager and were shown a 2021 Adventure Mountain Lodge doublewide mobile home. The mobile home was valued at approximately $135,000 and would cost between $5,000 and $7,000 to set up. The manager assured the Brogans the home was in their price range, when subtracting a downpayment of approximately $14,000. The Brogans agreed to purchase the home and paid an initial downpayment of $1,000. The Plaintiffs were not provided written disclosures of the sales price, the amount financed, or the annual percentage rate.

2

On June 13, 2022, the Plaintiffs received a conditional loan approval of $126,909.76, which also included the other loan terms set forth in Vanderbilt's communications from June 9, 2022. The loan approval was valid until October 7, 2022. A formal closing was set for August 1, 2022.

The formal closing was conducted by Tom Young, a sales manager at the Buckhannon CMH Homes lot. The Brogans and Mr. Elbon were also present. The closing documents were shown on a screen across the room from the Plaintiffs and all written copies of the documents were in front of Mr. Young. The Plaintiffs allege the process was rushed and deprived them of the opportunity to understand the essential terms of the transaction, specifically the total sales price, the amount financed, and the interest rate. While Mr. Elbon notarized the documents, the Plaintiffs allege he primarily served to reassure them of the "great deal" they were getting. (Document 1-1 at 9.) Essential transaction documents, such as the Sales Agreement, Consumer Loan Note, and Security Agreement, were signed electronically without their permission.

The loan terms in the documents exceeded the Defendant's representations and the Plaintiffs' expectations by $30,000 in the amount to be financed. The Brogans state that if they knew they were agreeing to pay over $437,000 for the mobile home and an amount financed that had increased by $30,000, they would have declined the transaction. The Plaintiffs received a folder with the closing documents after the closing was completed.

The Brogans struggled to pay their monthly mortgage payments and Vanderbilt denied their requests for loan modifications. Subsequently, the Plaintiffs found out that Mr. Elbon was not independent from Clayton Homes. They also discovered that Vanderbilt created e-sign documents in Mr. Brogan's name without his permission.

The Plaintiffs filed this suit in the Circuit Court of Nicholas County, West Virginia, on May 9, 2025. They assert the following causes of action: Count I – Unconscionable Inducement;

Count II – Fraud as a Defense to Contract; Count III – Forgery and Unenforceable Loan; Count IV – Violation of TILA Minimum Underwriting Standards; Count V – Fraud; Count VI – Negligence; and Count VII – Fraud. The Defendants removed this case on June 18, 2025. Defendant Vanderbilt produced a Demand for Arbitration filed against the Brogans by CMH Homes with the American Arbitration Association on July 16, 2025. (Document 16-1.) Defendant Vanderbilt now seeks to stay this case pending the conclusion of arbitration between the Brogans and CMH Homes.

## APPLICABLE LAW

Section 3 of the Federal Arbitration Act (FAA) dictates that a court presented with "any issue referable to arbitration under an agreement in writing for such arbitration . . . shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement . . . ." 9. U.S.C. § 3; *See also Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 709 (4th Cir. 2001). "Additionally, district courts have the power to stay claims against a non-arbitrating party when a case involves both arbitrating and non-arbitrating parties." C*hapman–Martin Excavating & Grading, Inc. v. Hinkle Contracting Co.*, No. 2:11-cv-563, 2011 WL 5999868, at *4 (S.D.W. Va. Nov. 30, 2011) (Goodwin, J.) (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 20 n.23 (1983)).

"The decision to stay the litigation of non-arbitrable claims or issues is a matter largely within the district court's discretion to control its docket." *Am. Recovery Corp. v. Computerized Thermal Imaging, Inc.*, 96 F.3d 88, 97 (4th Cir. 1996) (citations omitted). "Even with the court's broad discretion, however, '[t]he party seeking a stay must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative.'" *Carlton &*

4

*Harris Chiropractic, Inc. v. PDR Network, LLC*, No. 3:15-cv-14887, 2018 WL 11412001, at *1 (S.D.W. Va. Apr. 30, 2018) (Chambers, J.) (quoting *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th Cir. 1983)). In determining whether the movant has met this burden, the Court must consider three factors: "(1) the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party." *White v. Ally Fin. Inc.*, 969 F.Supp.2d 451, 462 (S.D.W. Va. 2013) (Goodwin, J.) (internal quotation and citation omitted).

**DISCUSSION**

Defendant Vanderbilt argues that the Court must stay this action under Section 3 of the FAA because it presents arbitrable issues. It contends that a stay is required because the Plaintiffs seek to hold Vanderbilt responsible for issues arising from both the sales transaction and the loan transaction. Alternatively, Vanderbilt asks the Court to exercise its discretion and stay this case to allow the Plaintiffs' arbitration with CMH Homes to proceed first. Not staying the case, Vanderbilt argues, will require the Court to adjudicate CMH Homes' allegedly unlawful conduct and result in prejudice to CMH Homes' right to arbitration.

In response, the Plaintiffs contend that a stay of this action is inappropriate for two reasons: (1) arbitration of the Plaintiffs' claims are prohibited by federal law and (2) CMH Homes is not entitled to arbitration under the plain terms of the arbitration clause. The Plaintiffs state the issues presented in this case arise exclusively out of their financing loan with Vanderbilt. They argue the Truth in Lending Act (TILA) prohibits compulsory arbitration in a consumer credit transaction that is secured by a dwelling, such as their agreement with Vanderbilt. Furthermore, the Plaintiffs argue that CMH Homes' demand for arbitration is baseless because they have not asserted any

claims against it. Therefore, the Plaintiffs argue that Vanderbilt's Motion to Stay is not permitted by the terms of the arbitration agreement between CMH Homes and the Brogans.

Vanderbilt replies that the only relevant question here is whether any issue in this action is subject to arbitration. It argues that the Plaintiffs unquestionably raise the issue of whether the sales transaction with CMH Homes is enforceable. Omitting CMH Homes as a named defendant in this case does not change the analysis, according to Vanderbilt. The Defendant further asserts that if the Plaintiffs believe the arbitration is bogus, they must argue that in the arbitration forum and not before this Court.

The Plaintiffs filed a surreply stating there is clearly a single transaction here. Under federal law, it is a residential mortgage transaction and under state law it is a consumer credit sale. As such, they argue that one transaction occurred rather than two.

The Court finds that a stay is not warranted. A plain reading of the Binding Dispute Resolution Agreement (Document 16-2) shows that the agreement is between the Plaintiffs and CMH Homes. The scope of the agreement is limited to "all pre-existing, present, or future disputes, claims, controversies, and causes of action against [CMH Homes]." The issues and claims brought in this case against Vanderbilt solely concern the financing loan between the Plaintiffs and Vanderbilt. While courts may stay a case involving a non-arbitrating party, this Court is not required to do so by Section 3 of the FAA because there is not an arbitration agreement or an arbitrable issue between the Brogans and Vanderbilt.[1] Without an issue referable to arbitration, a stay is not appropriate. Whether CMH Homes is entitled to arbitration under the agreement is a question the Plaintiffs must assert before the arbiter.

---

[1] The Court does not need to reach the question of whether arbitration of the Plaintiffs' claims is prohibited by federal law because there is no arbitration agreement between the parties.

Further, the Court declines to exercise its discretion and otherwise stay this litigation. Vanderbilt has not demonstrated by clear and convincing evidence that it will face any hardship if this action is not stayed. Rather, it has argued that CMH Homes, which is not a party to this case, will be prejudiced because the Court will adjudicate whether CMH Homes' conduct was unlawful. That is not accurate. The Plaintiffs' claims only concern the loan financing transaction with Vanderbilt, not whether CMH Homes' conduct was unlawful. If this action were stayed, the Plaintiffs would be prejudiced by having their claims against Vanderbilt unnecessarily delayed. Vanderbilt's motion must be denied.

## CONCLUSION

WHEREFORE, after thorough review and careful consideration, the Court **ORDERS** that *Vanderbilt Mortgage and Finance, Inc.'s Motion to Stay Claims Pending Conclusion of Arbitration* (Document 16) be **DENIED** and that the Plaintiffs' *Motion for Leave to File Surreply* (Document 28) be **GRANTED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER:   September 19, 2025

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA