IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

CHRISTOPHER ALL BROGAN and
CARLINE FLORES BROGAN,

Plaintiffs,

v. Civil Action No. 2:25-cv-00386

VANDERBILT MORTGAGE &
FINANCE, INC., FIELDCHOICE, LLC,
and ROBERT R. ELBON,

Defendants.

VANDERBILT MORTGAGE & FINANCE, INC.'S ANSWER TO AMENDED COMPLAINT

Comes now Vanderbilt Mortgage & Finance, Inc. ("VMF"), by and through counsel, and responds to Plaintiffs' Amended Complaint, Doc. 62, as follows:

1. VMF denies the allegations contained in paragraph 1.

2. Upon information and belief, VMF admits that Plaintiffs are a married couple and reside at 545 W. Underwood Rd, Mt. Lookout, WV as alleged in paragraph 2. VMF is without sufficient information to either admit or deny the truth of the remaining allegations.

3. VMF admits that it is a corporation licensed to do business in West Virginia. VMF states that its principal place of business is located at 500 Alcoa Trail, Maryville, TN 37804. VMF denies all remaining allegations in paragraph 3.

4. Paragraph 4 makes a statement of law to which no response is required. To the extent a response is deemed to be required, VMF admits that, in certain circumstances, VMF may qualify as a "creditor" under TILA, but specifically denies any violation of that statute in connection with the transaction forming the basis of Plaintiffs' claim or any wrongdoing whatsoever.

5. Upon information and belief, VMF admits that Defendant Robert R. Elbon is a notary. VMF admits that originally-named and later-dismissed Defendant, FieldChoice, LLC, contracted with VMF to provide certain loan closing-related services, and, upon information and belief, VMF admits that FieldChoice, LLC sub-contracted with Defendant Elbon to provide those services. VMF is otherwise without sufficient information to either admit or deny the allegations contained in paragraph 5.

6. Paragraph 6 and its subparts make allegations against non-party Clayton Homes, Inc. and its alleged agent Mia Gillum from the Buckhannon, West Virginia sales lot and therefore no response is required. To the extent a response is deemed to be required, the allegations in paragraph 6 and its subparts are denied.

7. The allegations in paragraph 7 are vague and confusing, and accordingly, VMF denies those allegations.

8. VMF is without sufficient information to admit or deny the allegations related to what Plaintiff Carline Brogan believed as alleged in paragraph 8. VMF denies all remaining allegations of paragraph 8.

9. Paragraph 9 makes a statement of law to which no response is required. To the extent a response is deemed to be required, VMF relies on 15 U.S.C. § 7001(c)(1) to speak for itself and denies any allegations that are inconsistent therewith.

10. Paragraph 10 and its subparts make statements of law to which no response is required. To the extent a response is deemed to be required, VMF relies on 15 U.S.C. § 7001(c)(1) and the referenced agreement to speak for themselves and denies any allegations that are inconsistent therewith.

11. VMF denies the allegations contained in paragraph 11.

12. VMF denies the allegations contained in paragraph 12, including its subparts.

13. VMF denies the allegations contained in paragraph 13.

14. The allegations in paragraph 14 refer to documents the terms of which speak for themselves. As for the final sentence in paragraph 14, VMF is without sufficient information to either admit or deny the truth of this statement, and therefore denies the same.

15. Paragraph 15 makes a statement of law to which no response is required. To the extent a response is deemed to be required, whatever "statutory duty" to which Paragraph 15 refers speaks for itself, and VMF denies any allegations that are inconsistent therewith.

16. VMF denies the allegations in paragraph 16, including its subparts.

17. VMF denies the allegations in paragraph 17, including its subparts.

18. VMF denies the allegations in paragraph 18.

19. VMF denies the allegations in paragraph 19.

20. VMF is without sufficient information to either admit or deny the allegations in paragraph 20. Therefore, denied.

21. VMF is without sufficient information to admit or deny the truth of the allegations stated in paragraph 21. Therefore, denied.

22. VMF denies the allegations contained in paragraph 22.

23. Paragraph 23 makes no allegation that requires a response. To the extent a response is deemed to be required, VMF denies the allegations.

24. Paragraph 24 references documents, the terms of which speak of themselves and therefore no response is required. As for the final sentence in paragraph 24, VMF is without sufficient information to either admit or deny the truth of this statement, and therefore denies the same.

25. VMF admits that Plaintiffs received revised conditional loan approvals and that Plaintiffs acknowledged their receipt of those approvals in telephone conversations with VMF. VMF otherwise denies the remaining allegations in paragraph 25.

26. VMF admits that it contracted with FieldChoice LLC who arranged for Defendant Robert Elbon to provide certain loan closing-related services, but VMF states that the closing instructions speak for themselves. VMF denies the remaining allegations contained in paragraph 26.

27. VMF denies the allegations in paragraph 27, including its subparts.

28. VMF is without sufficient information to either admit or deny the truth of the allegations in paragraph 28. Therefore, denied.

29. VMF is without sufficient information to either admit or deny the truth of the allegations in paragraph 29, including its subparts. Therefore, denied.

30. VMF denies the allegations contained in paragraph 30.

31. VMF denies the allegations contained in paragraph 31.

32. VMF denies the allegations contained in paragraph 32.

33. VMF denies the allegations contained in paragraph 33.

34. Paragraph 34 references documents and the terms in those documents. Those terms speak for themselves and therefore no additional response is required. To the extent a response is deemed to be required, VMF denies the allegations.

35. VMF denies the allegations contained in paragraph 35.

36. VMF denies the allegations contained in paragraph 36.

37. VMF is without sufficient information to either admit or deny the truth of the allegations made in paragraph 37 and its subparts. Therefore, denied.

38. VMF admits that Plaintiffs submitted loss mitigation applications, which VMF processed. VMF is otherwise without sufficient information to either admit or deny the other allegations in paragraph 38, and therefore denies those allegations.

39. VMF denies the allegations contained in paragraph 39.

40. VMF denies the allegations contained in paragraph 40.

41. VMF denies the allegations contained in paragraph 41.

42. VMF incorporates by reference its previous responses.

43. Upon information and belief, VMF admits that Plaintiffs sent it correspondence on or about the date alleged in paragraph 43. VMF denies the allegations regarding the contents or legal effect of that correspondence to the extent inconsistent with the correspondence itself.

44. VMF denies the allegations contained in paragraph 44.

45. VMF denies the allegations in paragraph 45, including its subparts.

46. VMF denies the allegations contained in paragraph 46.

47. VMF denies the allegations contained in paragraph 47.

48. VMF denies the allegations contained in paragraph 48, including its subparts and its request for relief.

49. VMF incorporates by reference its previous responses.

50. VMF denies the allegations contained in paragraph 50.

51. VMF denies the allegations contained in paragraph 51.

52. VMF denies the allegations contained in paragraph 52.

53. VMF denies the allegations contained in paragraph 53, including its subparts and its request for relief.

54. VMF incorporates by reference its previous responses.

55. VMF denies the allegations contained in paragraph 55.

56. VMF denies the allegations contained in paragraph 56.

57. VMF denies the allegations contained in paragraph 57 and its request for relief.

58. VMF incorporates by reference its previous responses.

59. VMF denies the allegations contained in paragraph 59.

60. VMF denies the allegations contained in paragraph 60.

61. VMF denies the allegations contained in paragraph 61.

62. VMF denies the allegations contained in paragraph 62, including its subparts and its request for relief.

63. VMF incorporates by reference its previous responses.

64. Paragraph 64 makes a statement of law to which no response is required.

65. VMF denies the allegations contained in paragraph 65.

66. VMF denies the allegations contained in paragraph 66, including its subparts and its request for relief.

67. VMF incorporates by reference its previous responses.

68. VMF denies the allegations contained in paragraph 68.

69. VMF denies the allegations contained in paragraph 69.

70. VMF denies the allegations contained in paragraph 70.

71. VMF denies the allegations contained in paragraph 71.

72. VMF denies the allegations contained in paragraph 72, including its subparts and its request for relief.

Any allegation not admitted herein is expressly denied. VMF reserves the right to amend this Answer.

**Affirmative Defenses**

1. Plaintiffs' Complaint fails to state a claim upon which relief could be granted.

2. Plaintiffs failed to mitigate damages, if any.

3. Plaintiffs' damages, if any, were caused by the acts or omissions of others over whom VMF has no control.

4. VMF breached no duty, if any, owed to the Plaintiffs.

5. Plaintiffs' claims are barred by the merger doctrine and parol evidence rule.

6. Plaintiffs fail to name indispensable parties.

7. Plaintiffs' claims depend on findings of fact against other parties and may be barred by the doctrine of collateral estoppel or res judicata.

8. Plaintiffs' claims are barred by the doctrine of unclean hands.

9. Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations.

10. All requirements of the Federal Truth in Lending Act, 15 U.S.C. § 1601, *et seq.* ("TILA") and Regulation Z were complied with in the context of Plaintiffs' loan. Though VMF specifically denies that there are errors in the loan documents, any errors therein are bona fide errors and/or technical in nature and are therefore not actional pursuant to 15 U.S.C. §1640(c).

11. Plaintiffs' causes of action are barred or limited by the provision, terms, definitions, limitations, and conditions of the loan agreement.

12. Plaintiffs' claims are barred or diminished by VMF's rights of setoff and/or recoupment.

13. Some or all of Plaintiffs' claims are due to be submitted to arbitration pursuant to a valid, binding arbitration agreement.

14. The Complaint fails to plead fraud with the requisite specificity as required by Rule 9(b) of the applicable rules of civil procedure.

15. Plaintiffs' fraud claim is barred, in whole or in part, because VMF made no misrepresentation to them and owed them no duty (fiduciary or otherwise) to disclose the facts allegedly suppressed.

16. Plaintiffs did not reasonably rely on any alleged misrepresentations made by VMF or any of its agents, employees, representatives or officers.

17. Plaintiffs waived their right to a trial by jury.

18. VMF reserves the right to supplement or amend its Answer and Affirmative Defenses as discovery progresses.

Dated: December 29, 2025

Respectfully submitted,

*/s/ Carrie Goodwin Fenwick*

Carrie Goodwin Fenwick (WV Bar 7164)
GOODWIN & GOODWIN, LLP
300 Summers Street
Suite 1500
Charleston, West Virginia 25301
(304) 346-7000
cgf@goodwingoodwin.com

James C. Lester (Visiting Attorney ECF No. 13)
Nicholas H. Peck (Visiting Attorney ECF No. 37)
MAYNARD NEXSEN PC
1901 6th Ave. North
Suite 1700
Birmingham, Alabama 35203
(205) 254-1000
jlester@maynardnexsen.com
cpeck@maynardnexsen.com

*Attorneys for Vanderbilt Mortgage and Finance, Inc.*

## **CERTIFICATE OF SERVICE**

I certify that on December 29, 2025, I filed this document with the Clerk of Court via its electronic filing system. Service on the following will occur through that system

Daniel F. Hedges
Mountain State Justice, Inc.
1217 Quarrier Street
Charleston, West Virginia 25301

*/s/ Carrie Goodwin Fenwick*
Carrie Goodwin Fenwick